The STATE of Texas, Appellant,

v.

L. E. POWELL et al., Appellees.

No. 16316.

Court of Civil Appeals of Texas.

Dallas.

March 6, 1964.

Rehearing Denied April 3, 1964.

Waggoner Carr, Atty. Gen., and T. B. Wright, Leslie King and William H. Pool, Jr., Asst. Attys. Gen., Austin, for appellant.

McKool & McKool, Dallas, for appellees.

BATEMAN, Justice.

In this condemnation suit all essential matters were stipulated except the value of the property taken. The subject property was a lot in the City of Dallas, measuring 100 feet by 100 feet, on the fringe of the downtown business area, zoned for commercial use. The only improvements thereon consisted of a steel link fence, a concrete retaining wall and certain concrete driveways, ramps and steps.

Only three witnesses testified: Charles Marr, an expert who testified for the State that in his opinion the property was worth $11,500; Daniel S. Levy, an expert who testified for the landowners that in his opinion its value was $20,850; and the appellee L. E. Powell, who testified that he thought it was worth $22,000. The jury having found the value to be $16,000, judgment was rendered awarding that amount to appellees, the owners. A careful study of the entire record and the briefs and arguments of the parties convinces us that this judgment should be affirmed.

Appellant's first three points of error complain of the trial court's permitting the witness Levy to testify concerning three "comparable" sales which he took into consideration in evaluating the subject property, over appellant's objections that each of said properties was improved and the subject property was unimproved. This witness used a total of seven prior sales which he considered comparable to the one in question, but only three of the properties so compared had a house or other structure on it. The testimony pertaining to those properties is summarized as follows:

(1) *Joe R. Grandie to Herman Ivie;* 6,100 square feet, on which was an "old type two-story frame apartment or duplex that had been converted to a rooming house. It appeared to be in very bad condition, had very little value." The witness said the house was at least thirty-five years old. The property was zoned for commercial use but the house on it could not be used for business; its only value would be for salvage of a maximum value of $500, "or it might cost you $500 to move it off." The sale was for $11,500, or $1.90 a square foot.

(2) *Paul Wyche to Hudson Croy;* 5,808 square feet, on which was located an old house that was uninhabitable, "in very bad condition and not able to be occupied," although it might have had people living in it. The property sold for $13,500, of which the witness "allocated" $750 to the house "even though it was in pretty bad shape. With all those units in there, I assumed that there must have been some fixtures in there that could have been sold, and material. So, I allocated $750 for the structure and $12,250 for the land," which was $2.10 per square foot for the land only.

(3) *Mrs. Manning to Mrs. Blair;* 54 feet by 82 feet on the corner of Corsicana and Park Streets, on which was situated an old two-story frame residence, which was later razed and the property used for a parking lot. The witness testified that the property was "purchased for the purpose of land only and not for the land and improvements," and the sale was for $4.51 a square foot.

Appellant complains of this testimony solely on the ground that the three properties were improved while the subject property was unimproved, relying on City of Austin v. Cannizzo, 153 Tex. 324, 267 S.W.2d 808. We do not construe that opinion as requiring absolute similarity before properties can be compared for the purpose of forming an opinion as to values. So far as we know, no court has ever made such a requirement. Reason and experience tell us that no two pieces of real property could ever be found which were exactly similar. All the law requires in this respect is that the properties be reasonably similar, and our courts have frequently held that it is

within the sound discretion of the trial court to determine whether or not the properties offered for comparison meet the test of similarity. Cravens v. City of Amarillo, Tex.Civ.App., 309 S.W.2d 903, 908, err. dism.; City of Houston v. Pillot, Tex.Civ. App., 73 S.W.2d 585, reversed on other grounds, Tex.Comm.App., 105 S.W.2d 870; McCormick & Ray, "Texas Law of Evidence," 2d Ed., § 1524, p. 372; Thompson v. State, Tex.Civ.App., 319 S.W.2d 368, 372, no wr. hist.; State v. Childress, Tex. Civ.App., 331 S.W.2d 230, 235, err. ref. n. r. e.

■■ We cannot say that the trial court abused his discretion in admitting this testimony. Here all three properties were zoned for commercial use and were reasonably adapted to business use except that the old frame structures thereon, having been designed and erected for residential purposes, could not very well be used for commercial purposes. In two instances the expert witness valued the structures at certain amounts, enabling the jury to evaluate the land without reference to the improvements. In the third instance, he likewise made it clear that the property had been purchased for the purpose of the land only, not for the land and improvements, that the house had been torn down after the sale and the property used for a parking lot. This was all suitable and proper information to go to the jury, as was that given in connection with prior sales of unimproved properties, three of which both expert witnesses used. Housing Authority of the City of Dallas v. Hubbard, Tex.Civ.App., 274 S.W.2d 165, no wr. hist. The objections went to the weight of the testimony rather than its admissibility. State v. Morse, Tex. Civ.App., 342 S.W.2d 165, err. ref. n. r. e.; Hays v. State, Tex.Civ.App., 342 S.W.2d 167, err. ref. n. r. e.

■ Moreover, we think it is clear from the verdict itself that the jury was not misled nor the State prejudiced by these comparisons. Of the seven comparable sales used by appellees' expert witness the prices per square foot ranged from $1.05 to $4.51. The seven sales used by appellant's expert witness ranged from $1.05 to $1.50 per square foot. The jury found the subject property to be worth $1.60 per square foot, only ten cents per square foot more than was paid in one of the comparable sales used by both expert witnesses. It is also significant that the $16,000 value found by the jury is somewhat closer to the estimate made by appellant's expert witness than to that given by appellees' expert witness. State v. Hays, Tex.Civ.App., 361 S.W.2d 401, err. ref. n. r. e. It follows that even if there was error in admitting the testimony, it was not such as probably caused the rendition of an improper judgment and was therefore harmless. Rule 434, Texas Rules of Civil Procedure.

■ Appellant's fourth point of error on appeal complains that the court erred in overruling its objection to including the words "and improvements thereon" in the one special issue submitted to the jury inquiring as to the value of the subject property. Appellant says that the addition of such words constituted a comment on the evidence and misled the jury into considering the three sales of improved property hereinabove discussed. This point is without merit and is overruled. We have already held that the jury was entitled to consider the three sales mentioned. Moreover, the evidence was undisputed that the subject property was "improved" to the extent of having upon it a steel link fence 75 to 80 feet in length and 6 feet high, together with a concrete retaining wall 175 feet long and approximately 18 inches high and several concrete driveways, ramps and steps, which the witness Levy valued at $150. The jury doubtless understood the words "and improvements located thereon" used in the special issue to refer to such fence, retaining wall, drives, ramps and steps. They undoubtedly had a right to do so. State v. Evans, Tex.Civ.App., 340 S.W.2d 99, 101, err. ref. n. r. e. We see nothing improper or misleading in the issue as submitted.

Appellant's fifth point of error is that the cumulative effect of the court's errors in admitting the three sales hereinabove discussed, in addition to the improper submission of the special issue, caused the jury to render an improper and excessive verdict. In the light of the foregoing opinion, it is obvious that this point is without merit. It is overruled.

Finding no reversible error, the judgment of the trial court is affirmed.

Affirmed.