**The STATE of Texas, Petitioner,**

v.

**James CHAVERS et al., Respondents.**

**No. B–1946.**

Supreme Court of Texas.

May 20, 1970.

Crawford Martin, Atty. Gen., Troy C. Webb, Asst. Atty. Gen., Austin, for petitioner.

W. A. Keils, Teague, for respondents.

REAVLEY, Justice.

This is a condemnation case involving the scope of admissibility of testimony of comparable sales. The trial court's judgment, based on the jury verdict of value, has been affirmed by the court of civil appeals. 448 S.W.2d 220. We reverse.

The land was taken by the State on August 2, 1968 for a controlled access highway with frontage road. It is a 14.022 acre strip through the middle of Chavers' 115 acres. The remainder, best used for raising cattle, was left in parcels of 66 acres on one side of the new highway and 35 acres on the other side. The contention of the landowner, supported by the opinion of the expert witness Steward, was that all of this land should be valued at $300 an acre on the date of taking, and that the remainder was thereafter worth only $200 per acre. The State and its expert witnesses contended that all of the land should be valued at $250 per acre as of the taking, and that the remainder suffered only to the extent of the cost of new fencing required in the amount of $900. The jury agreed with the landowner.

The witness Steward testified on direct examination of three sales which he characterized as so comparable to the Chavers land as to support his appraisal. The first of these sales was a tract sold by C. E. Neal to Jack C. Anderson. The State urged two objections to Steward's testimony of this sale: first, that it was not a comparable sale in that a substantial part of the price was paid for the improvements and not the land itself, and secondly, that Steward should not have been allowed to testify how the seller allocated the price as between the improvements and the land. The trial court overruled the objections,

and the State predicates its appeal on those errors. We sustain the State's position on both counts.

█ The tract sold by Neal to Anderson on March 29, 1968, some four months prior to the taking of the Chavers land, consisted of 34 acres and was of a similar type soil located some 2½ miles distant. It had a house upon it which, under all of the testimony, represented more than half of the full purchase price. Anderson paid to Neal a total price of $26,950. Steward appraised the house at $15,180, which allowed $11,770 for the land or $346 an acre.

This sale was not comparable and was not admissible in the manner offered. City of Austin v. Cannizzo, 153 Tex. 324, 267 S.W.2d 808 (1954); Chaney v. Coleman, 77 Tex. 100, 13 S.W. 850 (1890); City of Houston v. Fisher, 322 S.W.2d 297 (Tex. Civ.App. 1959, writ dism'd). See, generally, Nichols, The Law of Eminent Domain § 21.31 [3] (3rd ed. 1969); Anno: Admissibility on issue of value of real property of evidence of sale price of other real property, 85 A.L.R.2d 110, 139 (1962). The issue being resolved by the trial was the market value of the Chavers land itself. The sale to Anderson was a sale of a house and land, and more of the price was paid for the house than for the land. The sale was inadmissible on direct examination because, even with full factual information as to the characteristics of the two tracts for purposes of comparison, it gave the jury no assistance in determining the value of the Chavers land.

By deducting the expert's opinion of the value of the house, a figure can be produced to represent the price paid for the land. However, this takes the inquiry away from the issue to be determined and raises an entirely collateral issue. If the parties in condemnation cases are to be faced with such sales and collateral questions, their burden of preparation for trial is considerably heavier. The benefit of its use does not justify the burden for adversary or jury.

It may be argued that evidence of the Anderson sale should be admitted because a competent appraiser will commonly use that type of information as a basis for his appraisal. He is in a position to divide the price between house and land by the process of abstraction. By his expertise he knows the value of the house, and a deduction or abstraction of this value leaves the remainder as the land value. See Rollins, Appraisal Approach in Condemnation Suits, Sixth Annual Institute on Eminent Domain, Southwestern Legal Foundation, pp. 47, 55 (Matthew Bender 1964). An expert may well take that type of transaction into consideration as part of his total view and the mental process which culminates in a personal opinion of the market value of the condemned land. We are not to be understood as holding that he may not do so. We only hold that neither expert nor layman may testify on direct examination to the facts of that sale.

█ The admission of Steward's testimony as to what he had been told by Neal, as to Neal's own allocation of the purchase price as between land and house, was clearly error. If this were a sale of comparable land, Steward's testimony of the extra-judicial report of the total sales price would be admissible as a partial explanation of his opinion of the market. State v. Oakley, 163 Tex. 463, 356 S.W.2d 909 (1962). The admission of testimony by an expert as to what he was told by a seller about his trade of comparable land should be confined to the holding in the Oakley case, and the testimony should be received according to the procedure set forth in that opinion. There is no justification for permitting the expert to relate a seller's statement of his thinking as to the division of the price. In addition to the non-comparability of the sale, previously discussed, this is objectionable hearsay as to an opinion of market value by one not shown to have any knowledge of the market.

The landowner contends that the State's own expert, Smith, relied upon this same Neal to Anderson sale and that any error

was thereby waived. In response to questions by the State's attorney, Smith did say he had taken this sale into consideration and gave his opinion of the division of the sales price between house and land, and Smith further repeated what Neal had told him as to Neal's allocation of the price. Smith said that he did not give "too much" weight to this sale in appraising the Chavers land. But the question is not the effect on Smith's appraisal; the question is whether the State waived its objection to incompetent evidence of the Neal to Anderson sale.

 If incompetent evidence is admitted over proper objection, the objecting party is not left to suffer injury in the instant trial and take his chances on appeal and retrial. He may defend himself without waiving his objection. He may explain or rebut or demonstrate the untruthfulness of the incompetent evidence. Cathey v. Missouri, K. & T. Ry., 104 Tex. 39, 133 S.W. 417 (1911); Wigmore, Evidence § 18(D) (3rd ed. 1940); 53 Am.Jur. Trial §§ 143, 144.

The question becomes one of whether the State did more than defend itself. The landowner had laid special emphasis on this particular sale. During the State's direct examination of its expert Smith, nothing was said about this sale. Upon cross-examination, Smith was taken promptly to the non-comparable sale and was told by counsel for landowner that Smith's low appraisal was reached by "disregard[ing] a three hundred dollar sale." It was on redirect that the State's attorney finally made his attempt to meet the force of this incompetent evidence. By doing so, he did not lose the right to complain on appeal.

The final question is whether the error was so harmful as to require reversal and a new trial. We look to the entire record to decide if the error was "reasonably calculated to cause and probably did cause the rendition of an improper judg-ment in the case." Gomez Leon v. State, 426 S.W.2d 562, 465 (Tex.Sup. 1968). The jury awarded the landowner the contended value of $300 per acre, supported by no sale other than the one from Neal to Anderson. This value was also supported by the independent opinion of the expert witness, but it was the "three hundred dollar sale" which was repeatedly emphasized by landowner's attorney. We believe the verdict was affected by this incompetent evidence.

The judgments of the courts below are reversed and the cause is remanded to the trial court for a new trial.

McGEE, J., concurs in result.