The CITY OF LONGVIEW, Texas, Appellant,

v.

Jack C. BOUCHER, Appellee.

No. 817.

Court of Civil Appeals of Texas, Tyler.

May 8, 1975.

Rehearing Denied May 29, 1975.

Smead, Roberts, Harbour, Smith, Harris & French, Earl Roberts, Jr., Longview, for appellant.

Sharp, Ward & Ross, Earl Sharp, Longview, for appellee.

MOORE, Justice.

This is an eminent domain proceeding. The appellant, City of Longview, Texas, instituted the proceeding to condemn for public park purposes 3.251 acres of land owned by appellee, Jack C. Boucher. Trial was before the court and jury. Prior to trial, the parties stipulated that all preliminary steps necessary to condemn had been taken and that the only question to be decided by the jury was the market value of the property condemned. In response to the single special issue submitted, the jury

found the market value of the 3.251 acres to be $20,000 and judgment was rendered for appellee in that amount. After its motion for new trial had been overruled, appellant, City of Longview, perfected this appeal.

Appellant presents ten points of error many of which involve the testimony concerning market value presented to the trial court. Before discussing the points we will undertake a brief statement of the testimony.

We affirm.

The 3.251 acres in question is situated in the middle of a built residential area. The land is zoned for single family residences only. The land is situated in close proximity to duplex or multifamily zoning across the street and commercial property zoning is approximately 150 yards away. According to the testimony of the City's two expert witnesses, Jerry Ruff and Robert Coffey, the highest and best use of the property was for the construction of single family residences. They testified that the land had a market value of $8,000.00 and $9,600.00 respectively. According to appellee's expert witnesses, the highest and best use of the land was for residential use or for an apartment site. Appellee's witness Franklin Martin testified that the cash-market value for residential use based upon a comparable sale of other property in the area was $27,864.00. He further testified that in his opinion the land could be divided and sold as residential lots in which event it would have a market value of $21,000.00 to $22,500.00. Appellee's witness, B. R. Comer, testified that dividing the property into residential lots would have a market value of between $22,500.00 and $23,000.00. The witness Martin testified that if devoted to the use as an apartment site, the property would have a market value of $45,000.00, while the witness Comer testified that if devoted to such use it would have a value of $29,259.00. Appellee, Jack Boucher and his brother, Buddy Boucher, testified that they were of the opinion that the cash-market value of the tract was $45,000.00.

In its first point, the City maintains that the trial court erred in refusing to exclude the testimony of appellee's expert witness Martin wherein he testified that based upon a comparable sale of other property in the area, the land in question had a market value of $27,864.00. The City contends that since the undisputed evidence shows that the comparable sale from Black to Berlin relied on by the witness involved improved land with a house situated thereon, the sale was not comparable, and should not have been admitted to show the market value of the unimproved 3.251-acre tract involved here. We agree.

On direct examination, Martin testified that the Berlin sale was comparable; that the Berlin sale was transacted on May 28, 1970; and that the property involved in the Berlin sale was located just across the street from the Boucher property. Further, the witness was allowed to testify in detail as to how he made adjustments to determine the value of the lot involved in the Berlin sale, excluding the value of the house, so that the adjusted value of the Berlin lot could be compared with the unimproved 3.251-acre tract involved here. Appellant made a motion in limine which was overruled to exclude testimony concerning the Berlin sale on the ground that it was not comparable. Appellant also objected on the trial to testimony with regard to the Berlin sale, which objection was likewise overruled.

Evidence of the sale of a lot with a house upon it is inadmissible to show before value of condemned unimproved land. State v. Chavers, 454 S.W.2d 395, 397 (Tex.1970); City of Austin v. Cannizzo, 153 Tex. 324, 267 S.W.2d 808, 816 (1954). The issue being resolved by the trial court was the market value of unimproved land. The Black-Berlin sale involved a sale of a house and land. The sale was inadmissible on direct examination because, even with

full factual information as to the characteristics of the two tracts for purposes of comparison, it gave the jury no assistance in determining the value of the unimproved land in question. By deducting the expert's opinion of the value of the house, a figure can be produced to represent the price paid for the land. However, as pointed out in *Chavers,* this takes the inquiry away from the issue to be determined and raises an entirely collateral issue. If the parties in condemnation cases are to be faced with such sales and collateral questions, their burden of preparation for trial is considerably heavier. The benefit of its use does not justify the burden for adversary or jury. An expert may well take that type of transaction into consideration as part of his total view and the mental process which culminates in a personal opinion of the market value of the condemned land, but he is not permitted on direct examination to testify as to the facts of that sale. State v. Chavers, supra, 397.

■ While we are of the opinion that the court erred in admitting testimony, it does not necessarily follow that such error calls for a reversal. In order to determine whether the error was harmful, we must examine the entire record to determine whether it can be said that it was "reasonably calculated to cause and probably did cause the rendition of an improper judgment." Gomez Leon v. State, 426 S.W.2d 562, 565 (Tex.Sup.1968). While the witness Martin testified that his valuation of $27,864.00 was based upon his comparison of the condemned property with the improved property involved in the Berlin sale, he also testified that he arrived at a different value by the use of another method of valuation. He testified that if the acreage were divided into residential lots it would have a value of between $21,000.00 and $22,500.00. Thus, even though his testimony as to value based on a comparable sale was not admissible, we deem his testimony in this respect competent to support the jury's verdict. In addition to this, the witness Comer testified that if the property

was divided into residential lots, it would have a market value of between $22,500.00 and $23,000.00. No objection was leveled at the valuation made by either Martin or Comer based on this method of valuation, and appellant does not contend that the testimony in this regard was not competent. The $20,000.00 value as found by the jury was within the range of this testimony. Apparently the jury was not impressed with Martin's valuation of $27,864.00 based on a comparable sale. Under the circumstances we do not believe the erroneous admission of Martin's testimony as to the alleged comparable sale caused the rendition of an improper judgment. Rule 494, Texas Rules of Civil Procedure.

Appellant contends by its second point that the trial court erred in overruling its objection to the testimony of appellee's witness Martin with regard to sale price of the Espanita apartment site in 1966, on the ground that such a sale was not a comparable sale in that it occurred eight years prior to the date of the taking and was too remote.

It was stipulated that the taking of appellee's property occurred on January 14, 1974. Appellee's witness Martin testified that one of the highest and best uses of the land in question was for the construction of apartments and that in arriving at the value of the land for that purpose, he used a comparable sale known as the sale of the Espanita apartment site which sold for $22,500.00 in 1966. The City timely objected to this testimony on the ground that the sale was too remote in time to be comparable. The objection was overruled.

■ We find no cases and have been cited none, which approve evidence of sales made eight years prior to date of taking. We think the evidence of the 1966 sale was too remote and should have been excluded. State v. Curtis, 361 S.W.2d 448 (Tex.Civ.App., San Antonio, 1962, writ ref'd, n. r. e.) ; State v. Dickerson, 370 S.W.2d 742 (Tex.Civ.App., Houston, 1963,

n. w. h.); Reynolds v. State, 390 S.W.2d 493 (Tex.Civ.App., Texarkana, 1965, n. w. h.). Appellee argues in support of the trial court's ruling that the evidence was admissible because of the further testimony showing that land values in the area had increased 25% since 1966. Such argument ignores the fact that the prior sale must in fact be comparable. If the sale is too remote in time, it must be excluded for that reason.

■ This brings us to the question of whether the error was so harmful as to require a reversal. In determining this question we must look to the record as a whole. While the witness Martin was permitted to testify that if the land was used as an apartment site it would have a market value of $45,000.00, the jury obviously did not determine the value on that basis. The jury finding is well within the competent testimony of all the witnesses as to the market value of the land as used for residential purposes which ranged from $8,000.00 to $23,000.00. The jury's finding is so close to the $21,000.00 estimate made by the appellee's witness Martin as to compel the belief that his testimony was probably the basis of the jury's verdict. After a careful review of the entire record, we are not convinced that the error was calculated to cause and probably did cause the rendition of an improper judgment. Rule 494, supra.

In points three through six, the City complains of the action of the trial court in refusing to exclude certain drawings depicting apartments on the land in question, as well as the testimony of Buddy Boucher regarding the feasibility of constructing apartments on the land. Appellant timely objected to such evidence on the ground that it was speculative, since the land was unavailable for the construction of an apartment complex because it was zoned for single family residences. Appellant further complains of the action of the trial court in permitting the witness B. R. Comer to testify over its objection, as to a sur-

vey he made in the neighborhood showing that the people in the area had no objection to the construction of an apartment complex. We have concluded that these points fail to reflect reversible error.

■ Even though it be assumed, arguendo, that the court erred in refusing to exclude the evidence depicting the land as being devoted to use as an apartment site, we think the jury's finding compels the conclusion that the jury did not arrive at the market value on that basis. While appellee's witnesses Martin and Buddy Boucher testified that if the land was devoted to use as an apartment site it would have a market value of $45,000.00, and the witness Comer testified it would have a value of $29,259.00, the jury obviously placed no credence in that testimony. Under the evidence, the jury had a clear-cut option to value the land as either residential or as an apartment site. If the jury had placed any credence in this questioned testimony, they would have no doubt valued the land at some value between $29,259.00 and $45,000.00. Since the jury's verdict was nowhere near these figures, it would seem to follow that the jury ignored the possibility that the land could be devoted to use as an apartment site. Consequently we think the error, if any, in admitting this testimony was harmless. Rule 494, supra; Texas Power & Light Company v. Adams, 404 S.W.2d 930 (Tex.Civ.App., Tyler, 1966, no writ); State v. Hamman, 377 S.W.2d 727 (Tex.Civ.App., Houston, 1964, no writ); State v. Powell, 376 S.W.2d 929 (Tex.Civ.App., Dallas, 1964, no writ).

In points seven and eight, the City complains of the actions of the trial court in refusing to limit the scope of cross examination of its witness, Jerry Ruff. The City contends that the appellee should not have been allowed to develop on cross examination certain appraisals made by Ruff for the City on other unrelated and dissimilar property and that the City should not have been permitted to develop the fact that the City had rezoned property owned

by Ruff. The City objected on the ground that such testimony was irrelevant, immaterial and highly prejudicial.

On cross examination, appellee's attorney adduced testimony from Ruff showing that in other appraisals made for the City of Longview, Ruff had made a lower appraisal than the City later voluntarily paid for the property. Testimony was also elicited on cross examination showing that subsequent to the time Ruff made such appraisals, he had appeared before the Longview City Commission and requested and received a zoning change on property he owned within the city.

As a general rule a party has a right to cross examine an adverse witness in order to show interest, bias or prejudice to affect his credibility and a wide latitude is allowed in such matters. Traders & General Ins. Co. v. Robinson, 222 S.W.2d 266 (Tex.Civ.App., Texarkana, 1949, writ ref.); Barrios v. Davis, 415 S.W.2d 714 (Tex.Civ.App., Houston, 1967, no writ). The jury is entitled to know any fact which would tend to influence the testimony given by a witness. As we view the record, such testimony was admissible to show Ruff's relationship with the City and to allow the jury to make its own determination of whether the witness was interested or biased in favor of the City by reason of his past relationship with the City in other matters. Appellant's complaint that the testimony was unduly prejudicial is overruled.

In its ninth point, appellant maintains that the trial court erred in rendering a judgment based upon the jury's findings to Special Issue No. 1 because there was no evidence to support the answer. After considering only the evidence and inferences tending to support the findings and disregarding all evidence and inferences to the contrary, we believe that there is ample evidence of probative force to support the jury's answer to Special Issue No. 1. See Garza v. Alviar, 395 S.W.2d 821, 823

(Tex.Sup.1965). Appellant's ninth point is overruled.

In its tenth point, appellant maintains that the trial court erred in rendering judgment because there was insufficient evidence to support the jury's answer to Special Issue No. 1. After considering all of the evidence, both that which is in support of and that which is contradictory to the jury's finding, we do not believe that the evidence is factually insufficient to support the jury's answer to Special Issue No. 1. See Calvert, "No Evidence and Insufficient Evidence" Points of Error, 38 Tex.L.Rev. 361, 366 (1960). Appellant's tenth point is overruled.

Finding no reversible error, the judgment of the trial court is affirmed.