The STATE of Texas, Appellant,

v.

Joe Lee McMAHON, Jr., et al., Appellees.

No. 6439.

Court of Civil Appeals of Texas, El Paso.

Oct. 8, 1975.

John L. Hill, Atty. Gen. of Tex., David M. Kendall, First Asst. Atty. Gen., R. V. Smith, Watson C. Arnold, Les King, Asst. Attys. Gen., Austin, for appellant.

Richard D. Naylor, Pecos, for appellees.

## OPINION

OSBORN, Justice.

This is a condemnation case. The trial Court entered judgment based upon a jury verdict awarding the landowner damages in the amount of $4,069.00 for 13.38 acres of

land in the taking and $8,209.00 for damages to the remaining 215 acres of land which is used as irrigated farm land in Reeves County. We affirm.

The parties stipulated to all issues except the fair market value of the property taken and the damages, if any, to the remainder. Four witnesses testified upon trial of the case. The resident engineer for the Texas Highway Department described the highway project and the location of the 13.38 acres being taken. Joe Lee McMahon, Sr., a prior owner and father of the owner, and operator of the farm, testified as to the farming operation and expressed his opinion that the part taken had a value of $5,003.00 and that damages to the remainder were $8,800.00. Bob Dean, a local real estate appraiser, insurance agent and abstracter, testified that the part taken had a value of $4,069.00 and that the damages to the remainder were $8,209.00. The State's appraiser valued the land taken at $3,257.00 and he found no damage to the remainder. The jury's answers were identical with the opinions and conclusions expressed by Bob Dean.

The State complains of the trial Court's failure to strike the testimony of Mr. McMahon and Mr. Dean concerning land values because their opinions were based upon the contributory value of an adjacent tract of land with an irrigation well on it which was used to water the property involved in this condemnation proceeding. All of the testimony established that the land involved in this case was an irrigated alfalfa farm with one water well located in the southeast corner of the farm and another well located on a single acre of land some distance east of this farm. Admittedly the water from the second well was essential to a successful operation of the land as an irrigated farm and to the land values placed upon the subject property as an irrigated farm.

■ The undisputed general rule is " * * * that where land is actually divided into separate lots, or parcels, but in the aggregate, is being devoted to *a unity of use, that unites all the parcels into an entity of use, all the parcels or lots will be considered as an entirety of use for purposes of estimation of damages to the remaining lands of a landowner, where a portion of the entirety of ownership has been taken for public use."* Rayburn, Texas Law of Condemnation, Sec. 160(1) p. 455. The State contends there was no unity of ownership nor contiguity shown. We cannot agree. Mr. McMahon testified that when he purchased the farm, he also bought the one acre tract to the east with the additional water well and had a right to cross the intervening land to his farm. He also leased and operated the adjoining tract which was crossed by the pipeline from the well to the farm and subsequent to the condemnation actually purchased the adjoining tract. There is no question but that the second well had been used to irrigate the farm for several years prior to this condemnation proceeding. The evidence showed a unity of purpose, and a unity of ownership, and the evidence of value based upon the contributing value of the second well was properly admitted by the trial Court. *Gossett v. State*, 417 S.W.2d 730 (Tex.Civ.App.—Eastland 1967, writ ref'd n. r. e.) and *State v. Lock*, 468 S.W.2d 560 (Tex.Civ.App.—Beaumont 1971, writ ref'd n. r. e.) are not applicable. Points of Error One and Two are overruled.

■ The State next contends that the trial Court erred in overruling objections to evidence of land value given by Bob Dean which were based upon supposedly comparable sales which were of improved land, when the subject property was unimproved land. Mr. Dean used three comparable sales in support of his conclusion as to the value of the subject property. The first sale from Joe Bradley to the Veteran's Land Board had no improvements other than fences and irrigation ditches, but did include one-fourth of the minerals and ten acres of cotton allotment. The second sale from Joe Bradley to W. F. and Erma Leigh included a house, garage, pump house, irri-

gation ditches and a cotton allotment. The third sale from Ethel Schwable to Marshall Neatherlin did not include any improvements but did include 80 mineral acres and nearly 100 acres of cotton allotment. The rule is clear that sales of real estate with improvements are not comparable where the land condemned is unimproved. *State v. Chavers,* 454 S.W.2d 395 (Tex.1970); *City of Austin v. Cannizzo,* 153 Tex. 324, 267 S.W.2d 808 (1954); *Blossman v. State,* 482 S.W.2d 937 (Tex.Civ.App.—Corpus Christi 1972, no writ). The reverse is also true. *Westmoreland v. Beaumont Independent School District,* 524 S.W.2d 323 (Tex.Civ. App.—Beaumont 1975, writ ref'd n. r. e.). We conclude that the testimony as to the second sale was not admissible because it clearly involved improved property with several buildings including a residence, and the property being condemned contained only a water well and pipes to operate an irrigation system. But since the other two comparable sales basically involved unimproved irrigation farm land, we conclude that reversible error has not been shown and no harm resulted from the inadmissible testimony. *City of Longview v. Boucher,* 523 S.W.2d 274 (Tex.Civ.App.—Tyler 1975, writ ref'd n. r. e.); *Westmoreland v. Beaumont Independent School District, supra.* Points of Error Three, Four and Five are overruled.

The State next contends the trial Court erred in overruling its motion to strike the opinion testimony of Mr. McMahon and Mr. Dean because they admitted that there was no damage to the remainder when operated as a row flood system and that their opinions were based solely upon a preference for a sprinkler irrigation system and their opinions involved the value of personalty used in such irrigation which was not taken nor condemned. The evidence established that this farm could not be effectively irrigated with a ditch and row flood system and that in February, 1971, nearly two years before the taking, the landowner purchased a sprinkler system which would effectively irrigate all but just a few acres of

the entire farm. This operation resulted in an annual alfalfa crop of 12 to 14 tons per acre, which everyone concluded was the highest and best use of the subject property. Even after the taking the landowner was still able to effectively irrigate his crop, except for about 15.7 acres on the north and west edges of the farm. In *State v. Carpenter,* 126 Tex. 604, 89 S.W.2d 194 (1936), the Court stated the rule as follows:

"Generally, it may be said that it is proper as touching the matter of the value and depreciation in value to admit evidence upon all such matters as suitability and adaptability, surroundings, conditions before and after, and all circumstances which tend to increase or diminish the present market value."

In *Brazos River Conservation and Reclamation Dist. v. Costello,* 169 S.W.2d 977 (Tex. Civ.App.—Eastland 1943, writ ref'd w. o. m.), the Court said:

"In order to enable the jury to determine the depreciation of the remainder, the parties have the right to introduce evidence of everything which would tend to affect the value of the land in the estimation of a proposed purchaser or would tend to make it more or less valuable to the present owner."

■ We conclude that the testimony is not subject to the complaint made. It had the effect of showing how the farm land could be most effectively operated, the damages resulting from the taking and how land values were affected by the type of irrigation used. *City of Lubbock v. Thiel,* 352 S.W.2d 799 (Tex.Civ.App.—Amarillo 1961, writ ref'd n. r. e.); *Southwestern Public Service Company v. Spurlock,* 378 S.W.2d 134 (Tex.Civ.App.—Amarillo 1964, no writ). Points of Error Six through Eleven are overruled.

■ The next group of Points contend that the trial Court erred in receiving testimony from Mr. Dean as to sales which were not comparable and that his testimony was hearsay because the sales were given as

direct evidence of value. As to whether a given sale is comparable in size and location to the subject property in condemnation, trial courts have a very broad discretion to decide what evidence may be received concerning other sales. *Holcombe v. City of Houston*, 351 S.W.2d 69 (Tex.Civ.App.— Houston 1961, no writ); *Cohn v. State*, 438 S.W.2d 860 (Tex.Civ.App.—Houston (1st Dist.) 1969, writ ref'd n. r. e.). Sales of land twenty to twenty-five miles from the subject property have been properly considered as comparables. *Trinity River Authority v. Hutchings*, 437 S.W.2d 383 (Tex.Civ.App.— Beaumont 1969, no writ). Likewise, courts have permitted evidence of sales as comparable even though there was substantial variance in the size of the referable sales and the condemned property. *Texas Power and Light Company v. Lovingood*, 389 S.W.2d 712 (Tex.Civ.App.—Dallas 1965, writ ref'd n. r. e.); *State v. Hamman*, 377 S.W.2d 727 (Tex.Civ.App.—Houston 1964, no writ).

In this case the record reflects that all of the sales data provided by Mr. Dean was offered in support of his opinion as to the value of the subject property and for no other purpose. The testimony was admissible on that basis. *State v. Oakley*, 163 Tex. 463, 356 S.W.2d 909 (1962). Points of Error Twelve, Thirteen and Fourteen are overruled.

The next two Points of Error contend that Mr. McMahon was not qualified to express an opinion as to market value. Having previously owned the subject property and having farmed the land since 1967, the witness testified that he was familiar with and knew the market value of farm land in Reeves County. This established his qualification to give an opinion. *Ft. Worth & D. C. Ry. Co. v. Hapgood*, 210 S.W. 969 (Tex.Civ.App.—Amarillo 1919, no writ). Points of Error Fifteen and Sixteen are overruled.

The next two Points urge that there is insufficient evidence to support the jury's answers and that such answers are against the great weight of the evidence. We have reviewed the entire record, considered all the evidence, and conclude that the findings are supported by the evidence and not against the great weight and preponderance of the evidence. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). Points of Error Seventeen and Eighteen are overruled.

The Appellant next contends that there is no evidence to support the jury findings. Having considered only that evidence favorable to the verdict, Point of Error Nineteen is overruled. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965).

The last Point suggests that the cumulative effect of all of the alleged errors requires a new trial. Having concluded that there is no reversible error in the record and that there is no cumulative error such as would have denied the Appellant a fair trial, Point of Error No. Twenty is overruled. *State v. Curtis*, 409 S.W.2d 622 (Tex. Civ.App.—Waco 1966, no writ).

The judgment of the trial court is affirmed.