The **CITY OF ODESSA**, Appellant,

v.

**Thomas D. MEEK, et al.**, Appellees.

No. 08–84–00403–CV.

Court of Appeals of Texas,
El Paso.

Aug. 7, 1985.

Joel V. Roberts, City Atty., Odessa, Jack C. Wessler, Cantey, Hanger, Gooch, Munn & Collins, Fort Worth, for appellant.

Ray Stoker, Jr., Shafer, Gilliland, Davis, McCollum & Ashley, Inc., Odessa, for appellees.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

OSBORN, Justice.

This is a condemnation case in which the only issue in dispute was the value of the land taken. We reverse and remand.

The City of Odessa filed condemnation proceedings to obtain 9.071 acres of undeveloped land for a highway connecting Midland and Odessa. The date of taking was August 4, 1980. The parties stipulated as to all issues except the market value of the property condemned and the damages, if any, to the remainder of the property not taken. No evidence was presented as to damages to the remaining property and the only issue submitted to the jury was the market value of the land taken. The jury found its value to be $1.00 per square foot. Judgment was entered on the verdict.

Only three witnesses testified at the trial as to the value of the land taken. Gary Whitehead, who had worked as a real estate appraiser and who is in the construction business, testified on direct examination that a developer "could have paid $1.00 a square foot and covered the improvements needed to be done, extension of the utilities and come out ahead of my $1.50." This was in reference to a 11.611-acre tract of land which he had purchased in June, 1980, just south of the condemned tract of land. His contract required the seller to obtain final plat approval of the North County Club Estates and to promptly provide water, sewer and paving on two sides of the 11-acre tract. His testimony as to the purchase price of his land was objected to on the grounds that the two tracts were not comparable and that he was unable to give the amount of the purchase price attributed to the required improvements on the developed tract of 11.611 acres. The condemned land did not have water or sewer connections, was not platted and had a dirt road on the east side and an extension of 42nd Street on the south side.

Glen L. Day, Jr., a contractor and real estate developer, testified that in his opinion the condemned land had a value of over $1.00 a square foot. He testified that he sold a nearby 8.6-acre tract on April 14, 1980, with water and sewer to the property and streets around it for $1.25 per square foot.

Milton Shirley, a real estate appraiser, did an appraisal of the land being condemned and concluded that it had a value of 57.3 cents per square foot. He based his opinion primarily on a 30-acre tract sold in 1978 at 39 cents a square foot, a 5-acre tract sold in 1978 at 41 cents a square foot and 14 acres Dr. Meek purchased in May, 1980, at 18½ cents a square foot.

The Appellant presents two points of error. The first complains of the trial court ruling which permitted Mr. Whitehead to testify over objection as to the price he paid where the price was not limited to only land but also included utilities and streets. The second point contends the trial court erred in permitting Mr. Day to testify as to the price received for the land he sold which was improved property and not comparable to the land being condemned.

■ The rule is clear in Texas that prices paid for improved lots, parcels or tracts of land cannot be used to establish the value of unimproved lots, parcels or tracts of land because of lack of similarity. *City of Austin v. Cannizzo*, 153 Tex. 324, 267 S.W.2d 808 (1954); *Chaney v. Coleman*, 77 Tex. 100, 13 S.W. 850 (1890); *Texas Electric Service Company v. Yater*, 494 S.W.2d 271 (Tex.Civ.App.—El Paso 1973, writ ref'd n.r.e.); Rayburn, Texas Law of Condemnation, sec. 142 (1960).

■ Mr. Whitehead testified to the sale of land which he considered comparable and for which the selling price was $1.50 per square foot. The contract required the seller to provide water and sewer improvements and to pave Stoney Ridge Road on the east of the tract and East Ridge Road on the north of the tract. A final plat with these streets had to be filed. With such improvements, the tract was at least partially improved even though there were no buildings or houses on the land. Mr. Whitehead was asked and he testified he did not know how much of the selling

price was attributable to the improvements which the seller contracted to provide. We conclude that it was error to permit this witness to testify on direct examination as to a sale of improved property, particularly when he was unable to attribute any portion of the cost of the sale price to the improvements which were required to be made as a part of the purchase price. We also conclude it was error to permit Mr. Day to testify on direct examination as to the sale he made of 8.6 acres with utilities and streets around it. The mental process by which these witnesses considered improved property in arriving at a value for raw, unplatted and unimproved land could only be developed on cross-examination and not on direct examination. *State v. Chavers,* 454 S.W.2d 395 (Tex.1970); *Board of Regents of the University of Texas System v. Puett,* 519 S.W.2d 667 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.).

■ We now turn to the issue of whether this constituted reversible error under Rule 434, Tex.R.Civ.P. In *State v. Chavers,* supra, the court held it was reversible error to admit evidence of a sale of improved land in a case involving the condemnation of unimproved property. The court reached that result even though the witness apportioned part of the purchase price to the land and part to the improvements. In our case, there was no apportionment and the jury was left to speculate as to how much of the $1.50 sale price went for raw land and how much went for improvements. Maybe it was 50–50 or 90–10 or 10–90, but the jury had no way of knowing and thus the sale price should not have been admitted on direct examination to support the witness' opinion. In *State v. Chavers,* supra, the court said:

> It may be argued that evidence of the Anderson sale should be admitted because a competent appraiser will commonly use that type of information as a basis for his appraisal. He is in a position to divide the price between house and land by the process of abstraction. By his expertise he knows the value of the house, and a deduction or abstraction

of this value leaves the remainder as the land value. See Rollins, Appraisal Approach in Condemnation Suits, Sixth Annual Institute on Eminent Domain, Southwestern Legal Foundation, pp. 47, 55 (Matthew Bender 1964). An expert may well take that type of transaction into consideration as part of his total view and the mental process which culminates in a personal opinion of the market value of the condemned land. We are not to be understood as holding that he may not do so. We only hold that neither expert nor layman may testify on direct examination to the facts of that sale.

Had there been numerous other sales to support the landowners' witnesses, these incidents of inadmissible evidence would have resulted in harmless error. *City of Fort Worth v. Beaupre,* 617 S.W.2d 828 (Tex.Civ.App.—Fort Worth 1981, writ ref'd n.r.e.); *Southwestern Bell Telephone Company v. Ramsey,* 542 S.W.2d 466 (Tex. Civ.App.—Tyler 1976, writ ref'd n.r.e.). But, if the sale used by Mr. Whitehead is removed, his opinion was unsupported by recent sales and then the jury had one witness placing the land at $1.00 per square foot and one witness placing the value at 57.3 cents per square foot. They did in fact arrive at a figure of $1.00 per square foot and the testimony of Mr. Whitehead was very pivotal on the final outcome. If the sale made by Mr. Day is removed then his testimony is not supported by any recent sale. We conclude the inadmissible evidence was reasonably calculated to cause the rendition of an improper judgment. *Gomez Leon v. State,* 426 S.W.2d 562 (Tex.1968). Points of Error Nos. One and Two are sustained.

The judgment of the trial court is reversed and the cause is remanded for a new trial.