Honorable Dan MORALES, Attorney General of the State of Texas, Appellant,

v.

CHRYSLER REALTY CORPORATION, Appellee.

No. 3–92–001–CV.

Court of Appeals of Texas, Austin.

Dec. 9, 1992.

then the logical impediment arising from the          long lapse of time is discounted a great deal.

Dan Morales, Atty. Gen., Christian J. Gros, Asst. Atty. Gen., Austin, for appellant.

Kent A. Sick, Austin, for appellee.

Before CARROLL, C.J., and JONES and KIDD, JJ.

KIDD, Justice.

This appeal arises from a statutory-condemnation case. The Attorney General ("the State") appeals from a judgment in favor of appellee, Chrysler Realty Corporation ("Chrysler").

## THE CONTROVERSY

This is another in a series of condemnation actions by the State to obtain property for the widening of U.S. Highway 183. Chrysler owns a car dealership sales facility on property located on the northbound IH–35 frontage road at the intersection of Blackson Avenue in Austin, Texas. This condemnation proceeding concerned the taking of approximately four thousand square feet of frontage from Chrysler's property. As a result of the condemnation action, both parties introduced expert testimony as to the value of the part of the property being taken as well as the resulting damage to Chrysler's remaining property. The jury found that Chrysler had been damaged in the amount of $623,000. The trial court rendered judgment on the verdict. In sixteen points of error, the State appeals the judgment, primarily complaining about the trial court's charge to the jury. We will affirm.

## DISCUSSION

*Limiting Instruction on Community Damages*

In a series of condemnation cases involving the U.S. Highway 183 project, the State has taken the position that the landowner is attempting to recover statutory condemnation damages that are non-compensable.

*See State v. Munday Enterprises,* 824 S.W.2d 643 (Tex.App.—Austin 1992, writ requested); *State v. Schmidt,* 805 S.W.2d 25 (Tex.App.—Austin 1991, writ granted). These non-compensable elements generally involve the loss of access to the landowner's remaining property by the grade elevation necessary for the condemnation project, the loss of visibility resulting to the remainder property as a result of the elevated roadway, and the construction disruption and inconvenience that results to the remainder property. We held in both *Schmidt* and *Munday* that while the value of these items are not recoverable as separate items of damage, evidence of their value is admissible on the question of diminution in the fair market value of the landowner's remainder property. In the instant cause, the trial was conducted after we issued our opinion in *Schmidt.* As a result of the *Schmidt* opinion, the State adopted a different trial strategy in this case. It introduced expert testimony that the remainder property had been damaged by loss of access, loss of visibility, and construction disruption, but joined issue with the landowner on the amount of damage which had been sustained. Thus, both sides offered evidence on the damage to Chrysler's remainder property, the State conceding at trial that the condemnation project had caused some damage to the remainder property.[1]

Points of error one through six complain of the trial court's failure to give a limiting instruction in the court's charge that the jury should not consider any damage to the remainder property that would be in the category of "community damages."[2]

Chrysler argues that the trial court did not err in failing to give the requested instruction in the court's charge because: (1) by sponsoring evidence through its own expert witness on the so-called *Schmidt* elements of remainder-property damages, the State waived the right to request a limiting instruction on the very same elements of damage, and (2) no evidence of "community damages" was presented that required a limiting instruction. We agree.

▪ A party must timely object to the admission of evidence in order to complain on appeal. Tex.R.App.P. 52(a). The State sponsored evidence of these damage elements through its own expert witness. The law in Texas concerning complaining about one's own evidence is clear and unambiguous. "A party on appeal should not be heard to complain of the admission of improper evidence offered by the other side, when he, himself, introduced the same evidence or evidence of a similar character." *McInnes v. Yamaha Motor Corp., U.S.A.,* 673 S.W.2d 185, 188 (Tex.1984). The State in essence argues that the trial court erred by failing to instruct the jury not to consider portions of the State's own evidence and portions of the evidence offered by the landowner, all of which was received without objection. We reject this argument. Because the State failed to object and in fact sponsored portions of the allegedly "tainted" evidence, which we have previously held in *Schmidt* and *Munday* to be admissible, the trial court did not err in refusing to give the State's requested instruction.

▪ In addition, Chrysler argues that there is no evidence in the record that testimony was introduced which would justify a limiting instruction on the issue of "community damages." Again, we agree. The State refers this Court to some thirty-nine instances in the record where evidence of community damages was allegedly adduced. Of those, we note that only three

---

1. The State's expert witness testified that the value of the part taken plus the damage to the landowner's remainder property totaled $150,000, while Chrysler's expert witness estimated the value and damage to the remainder at $750,000.

2. The requested instruction read as follows:
   You are instructed that in answering Jury Question No. 2, you shall consider an injury, if any, or benefit, if any, that is peculiar to Chrysler Realty Corporation and that relates to Chrysler Realty Corporation's ownership, use, or enjoyment of the subject property, but you may not consider an injury, if any, or benefit, if any, that Chrysler Realty Corporation experiences in common with the general community.

occurred in the jury's presence. Those three instances came late in the cross-examination of the State's expert witness, Rudy Robinson. In all three instances, Robinson confirmed that those elements of damage would affect the market value of the remainder property in question. Thus, we cannot find in this record a single instance where either party sponsored community-damage testimony. A limiting instruction on the general proscription regarding community damages would have only served to confuse the jury in this case. The trial court properly refused to grant the requested instruction. We reiterate our holding in *Munday* that the term "general community damages" refers to the community *at large* and is not limited to other condemnee-landowners of the project in issue. *Munday*, 824 S.W.2d at 649. The State's points of error one through six are overruled.

*Single Damage Issue Submission*

■ Just as in *Munday*, the trial court submitted this case upon a single broad-form condemnation-damage issue that required the jury to find the difference in market value between the whole Chrysler tract as it existed before the condemnation project was initiated and the remainder property after the condemnation, taking into account the effects of the condemnation project.[3] In points of error twelve and thirteen, the State argues that the trial court erred in refusing its requested jury issues. The State requested in separate issues one question that would have required the jury to find the value of the part taken, and then a second question requiring the jury to determine the decrease, if any, in the before-and-after value of the remainder property. The Texas Supreme

Court has recently held in a partial-taking case that the submission the State requested is actually the preferred method. *See Westgate Ltd. v. State*, —— S.W.2d —— (Dec. 2, 1992). We conclude, however, that the trial court's single damage issue does not present reversible error for the following reasons.

■ First, under the evidence presented in this record the State can show no harm from the submission in question. The evidence from both sides was that Chrysler's remainder property had been damaged. The only issue in the case was the quantification of that damage coupled with the value of the part taken. As we observed in *Munday*,

> In contrasting the two submissions, that of the trial court as given and that of the State as requested, it is difficult to understand the State's contention that a jury would reach a different result in either instance. A jury's damage award which finds the difference between Munday's entire tract before the condemnation as contrasted with the value of the remainder tract after the condemnation should be identically the same monetary award as the jury determining separately the value of the part taken, and then the decrease of the value in the remainder property before and after the condemnation.

*Munday*, 824 S.W.2d at 651. Just as in *Munday*, we hold that the trial court's charge as applied to the facts of this case did not harm the State.

■ Second, the State's requested issues, especially that asking about the damage to the remainder, are not in substantially correct form.[4] Requested Jury Ques-

---

3. The jury issue actually submitted was:

**QUESTION**

What is the difference in Fair Market Value between:
a. The whole Chrysler Realty property, without reference to or consideration of the condemnation; and
b. The remainder of the Chrysler Realty property, taking into consideration the effects of the condemnation.
Answer in dollars and cents: _____

4. (STATE'S) REQUESTED JURY QUESTION NO. 2

Excluding increase in value, if any, and decrease in value, if any, by reason of benefits or injuries received by Chrysler Realty Corporation in common with the community generally and not peculiar to Chrysler Realty Corporation and connected with its ownership, use and enjoyment of the particular tract of land across which the strip of land has been condemned, and taking into consideration the uses to which

tion No. 2 included the issue of "community damages," of which there was no evidence in the record. The trial court correctly refused to submit an issue that was not raised by the evidence and that would be confusing to the jury. *See Hernandez v. Southern Pac. Transp. Co.*, 641 S.W.2d 947, 953 (Tex.App.—Corpus Christi 1982, no writ). Accordingly, the State's points of error twelve and thirteen are overruled.

### Burden of Proof

In points of error seven through eleven, the State contends that the trial court erred in refusing to submit within the court's charge a requested instruction defining "burden of proof" and apportioning that burden to Chrysler as the landowner. The trial court instructed the jury that it was to answer the single damage issue based upon a preponderance of the evidence. The definition of preponderance of evidence the trial court gave tracks precisely the language suggested by the state bar committee on pattern jury charges. *See* 1 State Bar of Texas, Texas Pattern Jury Charges, P.J.C. 103 (1991).[5]

■ The placing of the burden of proof may be accomplished either through a global admonitory preponderance-of-the-evidence instruction or within each jury question, usually by the phrase "do you find from a preponderance of the evidence." *See* Tex.R.Civ.P. 277. The court's charge in this case employed a global admonitory instruction, which is the preferred method and is normally used in pattern jury charges. *See* State Bar of Texas, *supra*, at Introduction (5)(f).

■ The State would have required the trial court to inform the jury literally that Chrysler had the burden of proof. While under some circumstances such a request might be appropriate, those circumstances were not present under the facts of this case. Both sides conceded that there was

*some* market value to the part of Chrysler's property being condemned and that there was *some* damage to Chrysler's remainder property. The trial court correctly instructed the jury that it was to quantify the damages it found based upon a preponderance of the evidence. Therefore, in a single-damage-issue submission the trial court appropriately placed the burden of proof upon the party specifically arguing for a monetary damage amount. As one leading treatise stated:

> Although most questions are framed in a way that calls for an answer of "yes" or "no" or their equivalents, many forms of issues require a response in some other form—a damages issue calls for an amount of money.... This form of submission is not, in the ordinary case, subject to an objection that it fails to place the burden of persuasion or that it places the burden equally on both parties.

34 Gus M. Hodges & T. Ray Guy, *The Jury Charge in Texas Civil Litigation*, § 53A (Texas Practice 2d ed. 1988). Therefore, since the trial court properly included a preponderance-of-the-evidence instruction regarding the single damage issue submitted, the State's points of error seven through eleven are without merit and are, accordingly, overruled.

### Other Points

■ In points fourteen and fifteen, the State claims that the verdict was not supported by sufficient evidence. Both parties called expert witnesses in this case. The State's experts testified that Chrysler sustained damages in the amount of $150,000; Chrysler's experts testified to damages in the amount of $750,000. The jury's verdict of $623,000 was within the range of the testimony and was supported by the evidence in this case. These points are overruled.

Finally, in point of error sixteen the State claims that all of its points presented

---

the strip condemned is to be subjected, what do you find from a preponderance of the evidence were the damages, if any, to the remainder of Chrysler Realty Corporation's tract of land, as improved, immediately after the taking of the strip condemned for highway purposes on March 22, 1990.

Answer in dollars and cents, if any.

---

5. The trial court in this case obviously omitted P.J.C.'s recommended language concerning "yes" or "no" answers since the charge did not contain any "yes" or "no" questions.

cumulative error. Since we find no error present in the trial below, point of error sixteen is overruled. We affirm the judgment of the trial court in all respects.