EDWARDS 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-272-CV





STATE OF TEXAS AND CITY OF AUSTIN,



 APPELLANTS


vs.





DONNIE RUTH MOORE EDWARDS, ET AL.,



 APPELLEES




 




FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY,



NO. 1660, HONORABLE MICHAEL J. SCHLESS, JUDGE PRESIDING



 






 This appeal arises from a statutory condemnation case. The taking is for expansion
of U.S. Highway 183. The trial court rendered judgment on the jury's verdict awarding the
landowners damages to their remaining property. The condemnors, State of Texas and City of
Austin (collectively, the "State"), appeal claiming errors in various evidentiary rulings by the
court and in the court's charge. We will affirm the judgment of the trial court.



BACKGROUND



 This case involves the acquisition of a strip of land from a retail lot at the corner
of U.S. Highway 183 and Clearfield Drive in Austin, Texas. At trial, the jury heard evidence that the State intends to convert U.S. 183 to a limited-access freeway, with at-grade three-lane
frontage roads running both directions and main lanes on pier structures approximately 30 feet
above grade in front of the condemned property. Further, there was testimony of the nature and
duration of road-construction activities the State plans in front of the landowner's property.

 The landowners presented expert testimony that the market value of their remainder
property was reduced by the effect of the condemnation project. This expert opinion testimony
was supported by detailed market data which was presented to the jury in both sworn testimony
and trial exhibits.

 The State's expert witness testified that the proposed highway improvements and
construction project would have no impact on the market value of the landowner's remaining
property.

 There was no contest over the value of the part taken; the jury found $103,270.00
as damages to the landowner's remainder property.

 The State brings forth nine points of error. In points of error one through six, the
State claims that the trial court erred in permitting the introduction of inadmissible testimony. In
points of error seven and eight, the State contends that the court's charge should have contained
a limiting instruction regarding non-recoverable "community damages." And, finally, in its ninth
point of error, the State contends that cumulative error requires reversal.



DISCUSSION



Admissibility of Evidence

 In a series of condemnation cases involving the U.S. Highway 183 project, the
State has taken the position that the landowner is attempting to recover statutory condemnation
damages that are non-compensable. See State v. Munday Enters., 824 S.W.2d 643 (Tex.
App.--Austin 1992, writ requested); State v. Schmidt, 805 S.W.2d 25 (Tex. App.--Austin 1991,
writ granted). (1) These non-compensable elements generally involve the loss of access to the 

landowner's remaining property by the grade elevation necessary for the condemnation project,
the loss of visibility resulting to the remainder property as a result of the elevated roadway, and
the construction disruption and inconvenience that results to the remainder property. We held in
both Schmidt and Munday that while the values of these items are not recoverable as separate
items of damage, evidence of their values is admissible on the question of diminution in the fair
market value of the landowner's remainder property. In the instant cause, the trial court permitted
the introduction of this type of evidence. We reaffirm our prior holdings that this evidence is
admissible on the question of remainder damages. Accordingly, the State's points of error one
through six are overruled.



Community Damages

 In its seventh and eighth points of error, the State complains that the trial court
erroneously permitted the introduction of evidence of non-compensable "community damages" and
failed to submit in the court's charge a curative limiting instruction to the jury to the effect that
the jury's verdict should not award the landowners any "community damages." The landowners
respond that no error is presented because, in fact, no evidence of community damages, as that
term is properly defined in eminent-domain law, was admitted at trial. We agree.

 As we observed in Munday, the State takes the position in these condemnation cases
that remainder damages shared in common by all the condemnee-landowners of the project are
"community damages" and hence non-recoverable. We reject this argument. We reiterate our
holding in Munday that the term "general community damages" refers to the community at large
and is not limited to other condemnee-landowners of the condemnation project in issue. Munday,
824 S.W.2d at 649. A limiting instruction on the general proscription regarding community
damages would have only served to confuse the jury in this case. The trial court properly refused
to grant the requested instruction. Accordingly, the State's points of error seven and eight are
overruled.

 Finally, in its ninth point of error, the State claims that all of its points presented
cumulative error. Since we find no error present in the trial below, point of error nine is
overruled. We affirm the judgment of the trial court in all respects.



 

 Mack Kidd, Justice

[Before Chief Justice Carroll, Justices Aboussie, and Kidd]

Affirmed

Filed: January 20, 1993

[Do Not Publish]

1.   See also our recent decision in Honorable Dan Morales, Attorney General of the State of
Texas v. Chrysler Realty, No. 3-92-001-CV (Tex. App.--Austin Dec. 9, 1992, n.w.h.) (not yet
reported).