IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-214-CV




THE STATE OF TEXAS,



 APPELLANT


vs.





LOUIS M. HOWARD, CORRINE HOWARD AND FEDERAL DEPOSIT INSURANCE


CORPORATION, RECEIVER FOR CHAS. SCHREINER BANK,



 APPELLEES


 



FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY



NO. 1804, HONORABLE MICHAEL J. SCHLESS, JUDGE PRESIDING


 





 This appeal arises from a statutory condemnation case, wherein a portion of the
landowners' property was taken for the expansion of U.S. Highway 183. The trial court rendered
judgment on the jury's verdict awarding the landowners the value of the part taken as well as
damages to the remaining property. The condemnor, State of Texas (the "State"), appeals,
claiming errors in various evidentiary rulings by the court and in the court's charge. We will
affirm the judgment of the trial court.



BACKGROUND


 Appellees, Louis M. and Corrine Howard, are the owners (1) of the North Brooke
retail shopping center located on U.S. 183, also known as Research Boulevard, in Austin, Texas. 
The center sits on approximately 4.34 acres of land and is comprised of three brick buildings (two
one-stories and one two-story), totalling 49,385 square feet.

 The State initiated condemnation proceedings to acquire a portion of the Howards'
property for improvements to U.S. 183. The part taken in condemnation is 624 feet of highway
frontage. The condemnation will essentially "strip off" the front of the property, leaving the new
highway within twelve feet of the buildings. The taking will encompass approximately one-third
of the available parking. The Howards presented expert testimony that the loss of parking in front
will result in poor distribution of the remaining parking places relative to the improvements; will
require the closing of an existing driveway; and will result in poor traffic circulation around the
buildings. The record reveals that, after the taking, the center will suffer from significant
functional impairment as well as internal traffic hazards and increased maintenance costs. 

 Uncontroverted evidence at trial established that the physical impact of the
condemnation on the remainder property, i.e., loss of parking, impaired traffic circulation, poor
parking distribution, denial of access, and proximity of the roadway to the improvements, as well
as the decrease in functional utility that these factors occasion, would have a negative influence
on the fair market value of the remainder. 

 The jury returned a verdict favorable to the Howards, and the State appeals. In six
points of error, the State challenges the admissibility of certain evidence, the failure of the Court's
charge to include certain requested instructions, and the failure of the trial court to consider the
Howards' adjacent property for mitigation of damages.



DISCUSSION


Admissibility of Evidence

 In a series of condemnation cases involving the U.S. Highway 183 project, the
State has taken the position that the landowner is attempting to recover statutory condemnation
damages that are non-compensable. See Morales v. Chrysler Realty Corp., 843 S.W.2d 275 (Tex.
App.--Austin 1992, no writ); State v. Munday Enters., 824 S.W.2d 643 (Tex. App.--Austin 1992,
writ requested); State v. Schmidt, 805 S.W.2d 25 (Tex. App.--Austin 1991, writ granted).

 These non-compensable elements generally involve the loss of access to the
landowner's remaining property by the grade elevation necessary for the condemnation project,
the loss of visibility resulting to the remainder property as a result of the elevated roadway, and
the construction disruption and inconvenience that results to the remainder property. We held in
Schmidt, Munday and Chrysler Realty that, while the value of these items is not recoverable as
a separate item of damage, evidence of their value is admissible on the question of diminution in
the fair market value of the landowner's remainder property. Chrysler Realty, 843 S.W.2d at
277; Munday, 824 S.W.2d at 647; Schmidt, 805 S.W.2d at 35. In the instant cause, the trial court
permitted the introduction of this type of evidence. We reaffirm our prior holdings that this
evidence is admissible on the question of remainder damages.

 In addition, we note from the record that the expert appraisal witnesses for the
Howards did not rely on the so-called Schmidt factors as having a significant impact on the
damage to the remainder property. Rather, they based their expert opinion on the internal damage
to the Howards' property resulting directly from the condemnation project. One of appellees'
exhibits, for example, identified fifteen separate impediments to the Howards' use and enjoyment
of their remainder property as a direct result of the condemnation project. Accordingly, we
overrule the State's fifth point of error challenging the admissibility of this evidence.

 In related points of error three and four, the State complains of the action of the
trial court in overruling its motion for judgment n.o.v. and motion for new trial because the
evidence does not support the jury's verdict.

 At trial, appellees presented three expert appraisal witnesses, each of whom
testified that the condemnation project resulted in a substantial diminution in the value of the
Howards' remainder property. The State's appraisal witness, Craft, also testified to remainder
depreciation but differed as to the amount of damage. The jury resolved this dispute within the
range of the expert testimony. The jury is the sole judge of the witnesses' credibility and the 
weight to be accorded their testimony. Benoit v. Wilson, 239 S.W.2d 792, 796 (Tex. 1951). The
State's points of error three and four are overruled.



Limiting Instruction on Community Damages

 In point of error one, the State contends that the trial court should have included
in the charge an instruction that the jury should not award remainder damages which are shared
by the community in general, and in its second point of error, the State contends that the jury
should have been affirmatively instructed not to consider the so-called Schmidt elements of
damage, e.g., loss of access, visibility and construction inconvenience, for any purpose.

 As we observed in Munday, the State takes the position in these condemnation cases
that remainder damages shared in common by all the landowner/condemnees of the project are
"community damages" and, hence, non-recoverable. We reject this argument. We reiterate our
holding in Munday that the term "general community damages" refers to the community at large
and is not limited to other landowner/condemnees of the condemnation project in issue. Munday,
824 S.W.2d at 649. A limiting instruction on the general proscription regarding community
damages would have served only to confuse the jury in this case. The trial court properly refused
to grant the requested instructions. Accordingly, the State's points of error one and two are
overruled.



Mitigation of Damages

 In its sixth and last point of error, the State complains of the failure of the trial
court to consider the Howards' adjacent property on the issue of mitigation of damages. Under
this point, the State contends that the Howards could have used this adjoining property to supply
the parking lost through this condemnation proceeding and, thus, mitigate their remainder
damages.

 At trial, the State attempted to introduce evidence of appellees' ownership of
another parcel of land located in the vicinity of the tract that was the subject of this suit. The
substance of this testimony was that appellee, Louis Howard, owned a three-acre tract (subject
to a separate condemnation proceeding) to the south of the subject property with the two tracts
being separated at the narrowest point by some fifteen feet. The evidence was tendered to show
that property owned by Mr. Howard was in close proximity and could provide suitable parking
for the subject property. The record contains no evidence that: 1) appellees had an easement or any other legal right of passage between the two tracts; 2) the two tracts were utilized together
in any way; 3) utilizing the three-acre tract for parking could be done without significant expense
to appellees; or 4) utilizing the three-acre tract for parking would not diminish its value. 

 There were no pleadings by either party putting in issue the use or ownership of
the three-acre tract in the subject suit. The two tracts are not contiguous. They are neither
utilized as a unit nor in conjunction with one another. In fact, the two tracts lack all the legal
prerequisites for consideration as a "unified" tract relative to damages. See State v. Lock, 468
S.W.2d 560 (Tex. Civ. App.--Beaumont 1971, writ ref'd n.r.e.).

 Article I, section 17 of the Texas Constitution imposes on the State the duty to
make adequate compensation for private property taken or damaged for public use. It imposes
no corresponding duty on the property owner to minimize his or her loss. At common law, there
exists no duty to minimize or prevent damages to real property if to do so would result in expense
to the owner or injury to adjacent land. Austin & N.W.R. Co. v. Anderson, 19 S.W. 1025 (Tex.
1892); Shellhammer v. Carruthers, 99 S.W.2d 1054 (Tex. Civ. App.--Beaumont 1936, writ dism'd
w.o.j.).

 The trial court excluded the testimony as irrelevant to the issue of appellees'
damages. The proper test for admission or exclusion of evidence by the trial court is abuse of
discretion. Syndex Corp. v. Dean, 820 S.W.2d 869, 873 (Tex. App.--Austin 1991, writ denied). 
Based upon our review of the record, we do not find any abuse of discretion. The State's sixth
point of error is overruled.

 The judgment is affirmed.



 

 Mack Kidd, Justice

[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed: March 17, 1993

[Do Not Publish]
1.   Federal Deposit Insurance Corporation is the successor-in-interest to two promissory
notes made payable to Chas. Schreiner Bank and secured by two deeds of trust for the
Howards' tract of land at issue in this case.