**The STATE of Texas, Appellant,**

v.

**Edwayne G. PRIESMEYER, Appellee.**

**No. 3–92–605–CV.**

Court of Appeals of Texas,
Austin.

Dec. 8, 1993.

Dan Morales, Atty. Gen., Bonnie C. Lockhart, Asst. Atty. Gen., Austin, for appellant.

John McClish, Womack & McClish, P.C., Austin, for appellee.

Before CARROLL, C.J., and ABOUSSIE and B.A. SMITH, JJ.

ABOUSSIE, Justice.

This appeal arises from a statutory condemnation case, in which the State of Texas condemned a strip of land owned by appellee Edwayne G. Priesmeyer. The trial court

rendered judgment on the jury's verdict awarding Priesmeyer the market value of the strip as well as damages to the remainder of the property. The State appeals, claiming error in evidentiary rulings by the court and in the trial court's jury charge. We will reverse the judgment of the trial court.

## BACKGROUND

Priesmeyer owns a tract of land fronting U.S. Highway 183 in Austin, Texas, on which is located a car wash facility. The State condemned a strip of land totalling 566 square feet along the frontage of the tract for the widening and reconstruction of Highway 183 into a limited or controlled access freeway. In order to eliminate grade crossings, the conversion entails raising the main traffic lanes approximately thirty-seven feet and connecting parallel frontage roads to the elevated lanes through the construction of ramps.

Priesmeyer sought compensation for the portion of land taken as well as for damage to his remaining property. During the trial, Priesmeyer presented expert testimony on the market value of the portion of the tract taken and on the damage to the remainder of the property, including: (1) the reduced visibility of the property; (2) the increased difficulty of access to the property; (3) the negative effect of the construction activities; (4) the increased circuity of travel in reaching the property; and (5) changes in the physical attributes of the property before and after the condemnation. Priesmeyer also presented evidence on cost data and an analysis of property values. Further, an architectural engineering expert testified concerning the physical layout of the property before and after the proposed construction and condemnation through the use of photographs and three-dimensional modeling. His testimony included physical analysis relating to decreased visibility, diversion of traffic and loss of access.

The jury found that the fair market value of the condemned 566 square foot strip was $20,000 and that the value of the remainder of Priesmeyer's property had been reduced by $356,000. The trial court rendered judgment on the verdict.

## DISCUSSION

In two points of error, the State complains that diversion of traffic, circuity of travel, loss of visibility, and construction inconvenience resulting from the highway construction constitute noncompensable elements of damages, and that the trial court improperly admitted evidence concerning these matters. The State contends that the trial court further erred in overruling its objection to submission of the charge without instructing the jury that they could not consider these damage elements for any purpose.

A landowner is entitled to recover for any injury resulting from a taking of a part of his property by condemnation, including any adverse "effect of the condemnation on the value of the property owner's remaining property." Tex.Prop.Code Ann. § 21.042(c) (West 1984). A landowner "may not consider an injury or benefit that the property owner experiences in common with the general community." Tex.Prop.Code Ann. § 21.042(d) (West 1984).

In *State v. Carpenter*, 89 S.W.2d 194, 197 (Tex.1936), the Texas Supreme Court stated that damages caused by a partial taking may be ascertained as the difference between the fair market value of the residual property immediately before the taking and the market value of the property after the appropriation. *Carpenter* defined a property's market value in terms of what the property would bring in a transaction between a willing seller and a willing buyer. *Id.* at 201–02; *see also City of Pearland v. Alexander*, 483 S.W.2d 244 (Tex.1972). The court further stated that "it is proper as touching the matter of ... depreciation in value to admit evidence upon all such matters as suitability and adaptability, surroundings, conditions before and after, and all circumstances which tend to increase or diminish the present market value." *Carpenter*, 89 S.W.2d at 200.

Some uncertainty has existed as to the elements that properly can be considered in assessing damages to the remainder property in the event of a partial taking by condemnation. In another cause before this Court, a condemnor appealed the trial court's admis-

sion of evidence relating to such factors as circuity of travel, diversion of traffic, loss of visibility, and construction interference. We held that these elements of injury were compensable in determining severance damages; i.e., the diminution in the market value of the remainder after the condemnation. *State v. Schmidt*, 805 S.W.2d 25 (Tex.App.—Austin 1991) (damage elements hereafter referred to as "Schmidt factors"). During the pendency of the appeal in this cause, however, the Texas Supreme Court addressed the issue of remainder property damages in a partial taking, reversed our decision, and concluded that a landowner is not entitled to recover these severance damages. *State v. Schmidt*, 867 S.W.2d 769 (Tex.1993).

■ In *Schmidt*, the supreme court refused to allow severance damages relating to the Schmidt factors because they did not result from the taking of a condemnee's property but rather from the State's "new use of its existing right-of-way...." *Id.* at 777. Thus, the Court found that under the Texas Property Code, the "effect" of the State's condemnation on the remainder of the landowner's property is the taking of a small strip of property, not the consequences of the State's construction of Highway 183. *Id.* The Court further held that "diversion of traffic, inconvenience of access, impaired visibility of ground-level buildings, and disruption of construction activities ... are, by their nature, a consequence of the change in Highway 183 shared by the entire area through which it runs." *Id.* at 781. The Court concluded that such damages are nonrecoverable community damages.

This cause is factually indistinguishable from *Schmidt*. We therefore conclude that Priesmeyer is not entitled to recover for damages relating to visibility loss, diversion of traffic, circuity of travel and construction inconvenience to his remainder property.

Priesmeyer contends that the State waived any error relating to the admission of the disputed evidence by presenting its own evidence regarding the effect of the Schmidt factors on the value of the condemnee's remaining property. Appellee relies on *Morales v. Chrysler Realty Corp.*, 843 S.W.2d 275 (Tex.App.—Austin 1992, no writ), in which this Court stated, "[a] party on appeal should not be heard to complain of the admission of improper evidence offered by the other side, when he, himself, introduced the same evidence or evidence of a similar character." *Id.* at 277 (quoting *McInnes v. Yamaha Motor Corp. U.S.A.*, 673 S.W.2d 185, 188 (Tex.1984)). However, *Chrysler* is distinguishable from the present case. In *Chrysler*, the State failed to object to the evidence complained of on appeal. Priesmeyer does not contend that the State failed to object or that the State's objection was insufficient to preserve error but suggests that the complaint thereafter was waived because the State offered affirmative proof on the issues.

"If incompetent evidence is admitted over proper objection, the objecting party is not left to suffer injury in the instant trial and take his chances on appeal and retrial. He may defend himself without waiving his objection. He may explain or rebut or demonstrate the untruthfulness of the incompetent evidence." *State v. Chavers*, 454 S.W.2d 395, 398 (Tex.1970). *Chavers*, a condemnation case, involved a dispute over the admissibility of expert testimony of a sale used in a real estate appraisal when the sales transaction was not comparable to the land being condemned. Although the supreme court found the evidence inadmissible, the State's rebuttal evidence relating to the noncomparable sale did not constitute waiver of error. *Id.; Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1 (Tex.1986) (reaffirming *Chavers*). In *Scurlock Oil*, the supreme court held that a party is "not required to sit idly by and take its chances on appeal or retrial" when incompetent evidence is admitted. *Id.* at 4.

■ The record reflects that the State at all times made clear its position that the Schmidt factors were not compensable elements of damages. The State objected on the record to the admissibility of evidence pertaining to the Schmidt factors in a manner that the parties agreed preserved the complaint. After Priesmeyer presented his case, the State cross-examined Priesmeyer's witnesses on the Schmidt factors and presented its own evidence to counteract Priesmeyer's proof regarding the impact of the

Schmidt factors on the value of the remainder property. Doing so did not waive the State's objection to the evidence. Based on our review of the record, and the holdings set forth in *Scurlock* and *Chavers*, the State preserved its complaint that the factors were improper elements for the jury's consideration. The State's two points of error are sustained.

## CONCLUSION

In accordance with the State's request, we reverse the judgment of the trial court and remand the cause for a new trial.