

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00232-CV

ALICIA RAMIREZ APPELLANT

V.

CRAIG DEEN APPELLEE

----------

### FROM THE 43RD DISTRICT COURT OF PARKER COUNTY
### TRIAL COURT NO. CV10-0506

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

In three issues, Appellant Alicia Ramirez appeals from a take-nothing judgment entered in accordance with a jury verdict in her premises-liability suit against Appellee Craig Deen. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. BACKGROUND

Deen owns a two-story house in Parker County. The house has an attic that is accessible from two locations—an upstairs doorway and a pull-down ladder in the garage. Portions of the attic located near both entrances are "floored," i.e., finished with a plywood covering; other parts of the attic are not floored, revealing exposed beams. Several lights are located throughout the attic, although certain areas are not illuminated when the lights are on. Deen stores various things in the attic on both the floored areas and on the exposed beams.

Ramirez worked as a housekeeper for Deen and his family for ten years, beginning sometime around 2000. She had access to the entire house, including the attic. Ramirez entered the attic many times over the course of her first eight years of employment with Deen.

On April 4, 2008, Ramirez was alone at Deen's house when she went to the attic to retrieve a metal end table with a glass top for Deen.[2] Thinking that the table was somewhere in the attic near the upstairs doorway, Ramirez first entered the attic through that location. When she saw that the table was in a different part of the attic, closer to the other entrance, she exited the upstairs doorway and entered the attic through the garage. According to Ramirez, she turned on the light and started walking, but when she looked where to step, she

---

[2]Deen could not recall if he had asked Ramirez to retrieve the table or if she had volunteered to retrieve it.

2

fell through the attic and onto the garage floor. Ramirez had surgery on her heel and performed physical therapy, but she continued to experience pain and discomfort in her foot.

Ramirez sued Deen to recover damages for injuries that she sustained in connection with the fall, alleging claims for negligence and premises liability. The case eventually proceeded to a jury trial. The trial court included the following definitions, among others, in its charge to the jury:

> "Ordinary Care" when used with respect to the conduct of Alicia Ramirez means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

> "Ordinary Care" when used with respect to the conduct of Craig Deen as an owner of a premises, means that degree of care that would be used by an owner of ordinary prudence under the same or similar circumstances.

The trial court denied Ramirez's requested definitions for "open and obvious" and "concealment." Question number one asked, "Did the negligence, if any, of the person or parties named below proximately cause the occurrence in question?" The question included an instruction identifying under what circumstances Deen would be negligent with respect to a condition of the premises. The jury answered "No" in the space for Deen and "Yes" in the space for Ramirez. The trial court later signed a final judgment ordering that Ramirez take nothing by her suit, and this appeal followed.

## III. JURY CHARGE ISSUES

Ramirez argues in her first issue that the trial court abused its discretion by including in the jury charge a definition of ordinary care as to her. She contends that the definition improperly shifted the burden to her to prove "that if she knew of the dangerous condition, Deen d[id] not have a duty to warn her." In her second issue, Ramirez argues that the trial court abused its discretion by failing to include instructions or definitions for open and obvious and concealment in the charge. She suggests that the instructions or definitions were necessary to alleviate the error caused by the ordinary-care definition, which improperly placed the burden on her to disprove her knowledge of a dangerous condition.

Both of Ramirez's issues implicate the now-defunct "no-duty" rule. It used to be that in addition to proving that a defendant owed a duty and violated that duty, a plaintiff had to "prove the absence of his own subjective knowledge and appreciation of any danger," i.e., to negate "no duty." *Parker v. Highland Park, Inc.*, 565 S.W.2d 512, 516 (Tex. 1978). Under the no-duty doctrine, "if there [were] *open and obvious* dangers of which the invitees kn[ew], or of which they [were] charged with knowledge, then the occupier owe[d] them 'no duty' to warn or to protect the invitees." *Id.* (emphasis added). Therefore, "[n]o-duty . . . was said to defeat a plaintiff's action because a plaintiff's knowledge and appreciation of a danger cut off his action before reaching the issue about a defendant's negligence." *Id.* at 517. *Parker* expressly abolished the no-duty rule but did not change the plaintiff's obligation to establish a duty on the part of the defendant

4

and a violation of that duty. *See Gen. Elec. Co. v. Moritz*, 257 S.W.3d 211, 216–17 (Tex. 2008); *Dixon v. Van Waters & Rogers*, 682 S.W.2d 533, 533–34 (Tex. 1984).

As worded, nothing in the ordinary-care definition as to Ramirez imposed a burden upon her to disprove her knowledge of the dangerous condition. The inclusion of the definition instead served a very different, legitimate purpose.

A trial court "shall submit such instructions and definitions as shall be proper to enable the jury to render a verdict." Tex. R. Civ. P. 277. The trial court enjoys considerable discretion in framing a jury charge and is given broad latitude to determine the propriety of explanatory instructions and definitions. *H.E. Butt Grocery Co. v. Bilotto*, 985 S.W.2d 22, 23 (Tex. 1998). We review the trial court's submission of instructions and definitions for an abuse of discretion. *Shupe v. Lingafelter*, 192 S.W.3d 577, 579 (Tex. 2006); *Crowson v. Bowen*, 320 S.W.3d 486, 488 (Tex. App.—Fort Worth 2010, no pet.). We will not reverse a judgment for charge error unless the error was harmful because it probably caused the rendition of an improper verdict. *Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 856 (Tex. 2009).

Deen pleaded that Ramirez was negligent, failed to use ordinary care, and was solely responsible for the accident. Along those lines, Deen testified at trial that he had no responsibility for—and that Ramirez was at fault in causing—the accident. Deen acknowledged that he did not tell Ramirez where she should and should not step in the attic, but he explained, "It seems very clear to me that an

5

adult would know where to walk and where not to walk"; in other words, he had no concern that Ramirez did not understand that she was not supposed to walk on the sheetrock.

Deen examined the spot where Ramirez fell and observed that there was a hole in the sheetrock and sheetrock on the garage floor. He did not see any broken plywood, broken rafters, or bits of wood. When he had the hole in the garage ceiling repaired, there were no repairs made to anything other than the sheetrock. Deen testified that there was no doubt in his mind that Ramirez had "stepped through the sheetrock and landed on the floor of the garage." Indeed, one of Ramirez's own medical records stated that she "was ambulating in an attic when she missed the stud and fell through the sheetrock onto the floor." Another record stated that Ramirez "was walking on rafter boards and her ankle twisted and she fell though the [sheetrock]." Ramirez agreed that the area where she had fallen was replaced with sheetrock, and although she thought that she was standing on wood when she fell, she acknowledged that she could have been standing somewhere else.

The pleadings and evidence thus raised the issue that Ramirez's own negligence had caused, or at least contributed to, the accident; consequently, question number one inquired not only whether Deen's negligence (with respect to a condition of the premises) had proximately caused the accident, but also whether Ramirez's negligence had caused the accident. Because the issue of Ramirez's negligence was squarely before the jury, the trial court properly

6

included a definition of ordinary care as to her. *See H.E. Butt Grocery Co.*, 985 S.W.2d at 23. Moreover, because the ordinary-care definition did not place the burden on Ramirez to disprove her knowledge of the dangerous condition, open and obvious and concealment instructions or definitions were not necessary to "minimize the harm" from the definition, as Ramirez contends.[3]

Ramirez complains that the charge did not identify who had the burden of proof on which claim. "The placing of the burden of proof may be accomplished either through a global admonitory preponderance-of-the-evidence instruction or within each jury question." *Morales v. Chrysler Realty Corp.*, 843 S.W.2d 275, 279 (Tex. App.—Austin 1992, no writ). The charge here used a global admonitory instruction—"which is the preferred method and is normally used in pattern jury charges"—and required a "Yes" answer to be based on a preponderance of the evidence. *Id.* Question number one properly included a blank space next to Deen and a blank space next to Ramirez for the jury to answer either "Yes" or "No." Moreover, while question number one asked about the negligence of both Deen and Ramirez, it specifically instructed the jury that "[w]ith respect to *the condition of the premises*, CRAIG DEEN was negligent if," among other things, "*CRAIG DEEN* failed to exercise ordinary care to protect ALICIA RAMIREZ from the danger[] *by . . . failing to adequately warn ALICIA RAMIREZ* of the unreasonably dangerous condition." [Emphasis added.] Thus,

_____

[3]The trial court also could have reasonably concluded that the requested instructions or definitions had the potential to create confusion where none existed.

as worded, the instruction placed the burden on Ramirez to prove her premises liability claim.[4]

We hold that the trial court did not commit any abuse of discretion in its charge to the jury.  We overrule Ramirez's first and second issues.

## IV. FACTUAL SUFFICIENCY

In her third issue, Ramirez challenges the factual sufficiency of the evidence to support the jury's negligence findings in question number one. Challenges to the factual sufficiency of the evidence must be raised in a motion for new trial.  *See* Tex. R. Civ. P. 324(b)(3); Tex. R. App. P. 33.1(a)(1).  Ramirez failed to preserve this issue for appellate review because she did not raise it in her motion for new trial.  We overrule Ramirez's third issue.

## V. CONCLUSION

Having overruled Ramirez's three issues, we affirm the trial court's judgment.


/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL:  MCCOY, MEIER, and GABRIEL, JJ.

DELIVERED:  August 28, 2014

---

[4]Both sides made it clear during closing arguments that Ramirez had the burden to prove her premises liability claim against Deen.